By the Court.
 

 These three actions in the common pleas court pertained to assessments made upon certain lots in an improvement designated as “Main Sewer District No. 7.” .In that court the plaintiffs in error, as owners of lots in the improvement, brought actions to enjoin the collection of assessments. The causes were heard on appeal by the Court of Appeals, the three actions being there consolidated. That court found that the assessments were valid, that no-constitutional provision was vio* lated in the making or levying thereof, and dismissed the petitions of plaintiffs in error, whereupon the latter prosecuted error to this court.
 

 The plaintiffs in error contend that there are many grounds of error, both of fact and law, which require a reversal. We are not disposed to disturb the issues of fact found by the Court of Appeals. On the questions of law presented, this court is of opinion that the statutes and the proceedings of the
 
 *486
 
 officials imposing the assessments were not violative of any provision of the state or federal constitution; that the proceedings under the statute then in force authorizing the sewer improvement, and especially under Section 6602-8b, General Code (108 O. L., pt. 1, 370), in respect to notice and the amendment of assessments, were lawfully complied with; that under the provisions of Section 6602-1 (108 O. L., pt. 1, 368) the county commissioners had authority to construct the intercepting sewer located within the city but outside the original sewer district, the latter statute conferring upon the board authority to establish sewer districts and to acquire and construct outlet sewers “within or without such sewer district.” Manifestly the latter statute contemplates that an intercepting or outlet sewer might be necessary to take care of district sewer drainage. The allocation of the assessment cost pertaining to the intercepting sewer was determined by the Court of Appeals adversely to the plaintiffs in error. Section 6602-8b, General Code, provides that the findings of the board approving and confirming assessments or amended assessments shall be final and conclusive.
 

 We are unable to find that there was any abuse of discretion upon the part of the county commissioners in making or levying the assessments, or that the Court of Appeals committed prejudicial error in dissolving the injunction theretofore granted and in dismissing the petitions'of the plaintiffs in error.
 

 Judgment affirmed.
 

 Marshall, C. J., Robinson, Jones and Aleen, JJ., concur.
 

 Kinkade and Matthias, JJ., not participating.